UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>J. FREDERICK MOTZ<br>UNITED STATES DISTRICT JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-0782<br>(410) 962-2698 FAX |

July 18, 2005

Memo To Counsel Re: Robin Williams v. Westfield Shoppingtown Annapolis
Civil No. JFM-05-923

Dear Counsel:

I have reviewed the papers submitted in connection with defendant's motion to dismiss and/or for summary judgment and its second motion to dismiss and/or for summary judgment.

Plaintiff's first amended complaint moots defendant's first motion to dismiss and/or for summary judgment. Accordingly, that motion will be denied. I note, however, that plaintiff has withdrawn her defamation claim in her first amended complaint.

Defendant's second motion to dismiss and/or for summary judgment is denied as to plaintiff's claim under 42 U.S.C. §1981 set forth in count VI. Although the allegations are scant, I am satisfied that they are sufficient under notice pleading. Of course, plaintiff will have to establish an evidentiary record in order to withstand a motion for summary judgment after discovery.

Defendant's second motion is otherwise granted. As to count I, plaintiff has not identified any contract that allegedly was interfered with other than her contract with defendant Westfield. Count II is defective for the same reason to the extent that plaintiff alleges interference with a prospective relationship between Westfield and herself. To the extent that plaintiff claims in count II that defendants interfered with her expectation of ongoing sales to third-party customers, her allegations are insufficient because the only act of alleged interference is Westfield's decision not to renew its license agreement with plaintiff: an action which, unless racially motivated, it was entitled to take. If racially motivated, defendants' actions are actionable under section 1981.

Plaintiff's claim for intentional infliction of emotional distress set forth in count III is deficient because plaintiff has not alleged sufficient facts from which it can be inferred that she suffered severe emotional distress. The negligent hiring/retention claim set forth in count IV and the negligent supervision claim set forth in count V are deficient for several reasons, including (1) they are essentially claims for racial discrimination - for which there is no private right of action under the Maryland Human Relations Act - in disguise, *see, e.g., Maxey v. M.H.M., Inc.*, 828 F. Supp. 376 (D. Md. 1993), (2) a statutory prohibition on discrimination may not form the predicate for a common law retention claim, *see, e.g., Denby v. Preston Trucking Co., Inc.*, 961 F. Supp. 873, 882 (D. Md. 1997), and (3)

plaintiff has alleged no facts sufficient to support her conclusory averment that Westfield had reason to know that Cynthia Garber "was unfit to serve as a mall marketing representative and posed unreasonable risks of harm."

  A scheduling conference will be held at 8:45 a.m. on August 18, 2005.   Please bring your calendar with you to the conference.  If any of you would prefer to hold the conference by conference call, please call my chambers to make the necessary arrangements.

  The conference will be held in my chambers located in Room 510 on the fifth floor of the Courthouse.

   Please confer with one another before the conference about a proposed schedule. To provide a framework for your discussions, I have attached a tentative scheduling order.

  Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

          Very truly yours,


          /s/


          J. Frederick Motz
          United States District Judge